{¶ 104} Although I concur with the majority's conclusion that a finding of summary contempt was not warranted, I dissent as to the resolution of this matter because the trial court could have cited appellant for direct contempt entitling him to an evidentiary hearing. The facts of this case present a close call. Clearly, the authority of a judge to maintain the integrity of his or her courtroom is essential to the effective administration of justice. However, the effective administration of justice requires that attorneys, who appear before a court, be able to zealously represent their clients, without the fear of being found in contempt.
 {¶ 105} As noted above, I find the trial court could have cited appellant for direct contempt, rather than summary contempt, thereby requiring an evidentiary hearing. At a hearing, appellant would have been afforded the basic rights of an adversary proceeding. Such rights include the right to notice of the charges and an opportunity to present evidence to rebut them.
 {¶ 106} The majority concludes appellant's conduct did not pose an imminent threat to the administration of justice and, as such, a summary finding and sentence were not warranted. I agree with this conclusion. However, the absence of the "imminent threat" element does not preclude a finding of direct contempt. It merely precludes the imposition of summary sanctions. This rule has been explained as follows:
 {¶ 107} "It seems clear that * * * a summary proceeding is not authorized simply because the conduct constitutes direct contempt. Even if the external facts are clear because they took place in the presence of the judge, the effect of the contumacious conduct must create a `need for speed' to immediately suppress the court-disrupting misbehavior and restore order to the proceedings. * * * Absent that need, an evidentiary hearing is required even though the contempt is `direct.' In reContemnor Caron, supra, at 91, citing In re Davis (1991),77 Ohio App.3d 257, 263-264.
 {¶ 108} Therefore, I conclude appellant's conduct, in the courtroom, may have been sufficient for the trial court to cite appellant for direct contempt. However, the "need for speed" did not exist, as appellant did not pose an imminent threat to the administration of justice. Therefore, the trial court should have proceeded, under R.C. 2705.03, and conducted an evidentiary hearing to determine appellant's alleged contempt because "[n]o matter how offensive the conduct concerned, summary punishment is not authorized unless that need exists." In re Davis (1991),77 Ohio App.3d 257, 267. Accordingly, I would vacate appellant's conviction and remand this matter, to the trial court, for further proceedings pursuant to R.C. 2705.03.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Ohio, is reversed and vacated. Costs to appellees.